

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

November 19, 1976

The Honorable Ralph F. Block          Opinion No. H-900
Chairman
The Battleship Texas Commission       Re:  Necessity for liability
Lamar Tower, Apt. 1511                insurance for the Battle-
Houston, Texas  77002                 ship Texas.

Dear Mr. Block:

You have requested our opinion as to the need for
liability insurance for the Battleship Texas.  You state
that the Battleship Texas Commission has carried a liability
insurance policy for many years, and ask if such a policy is
necessary under the Texas Tort Claims Act, article 6252-19,
V.T.C.S.

The Tort Claims Act states that each "unit of govern-
ment" in Texas shall be liable for damages or injuries arising
from specified circumstances, including:

> [D]eath or personal injuries so caused
> from some condition or some use of
> tangible property, real or personal,
> under circumstances where such unit of
> government, if a private person, would
> be liable to the claimant in accordance
> with the law of this state.  Id. § 3.

The Battleship Texas Commission is clearly a "unit of govern-
ment" within the definition of section 2(1) of the Tort Claims
Act.  See V.T.C.S. art. 6145-2.  The Commission may, therefore,
be liable under the circumstances described in section 3 of
the Tort Claims Act.

Although the Battleship Texas Commission may be liable under certain circumstances for injuries arising from the use of its property, including the Battleship Texas, it is not legally required to carry liability insurance. Section 9 of the Tort Claims Act authorizes the purchase of such insurance at the discretion of the governmental unit. Attorney General Opinion M-475 (1969). The presence of liability insurance has no bearing upon the imposition of damages against the governmental unit. Whether liability insurance may be financially prudent or necessary is a question for the Commission to determine. Such insurance is not, however, required by the Tort Claims Act, and of course cannot be purchased with funds appropriated in the General Appropriations Act for the current biennium. Acts 1975, 64th Leg., ch. 743, at 2868. See Attorney General Opinions H-158 (1973), M-1215 (1972), M-521 (1969). Cf. Attorney General Opinion H-681 (1975).

### S U M M A R Y

The Texas Tort Claims Act, article 6252-19, V.T.C.S., authorizes, but does not require, the Battleship Texas Commission to carry liability insurance for the Battleship Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb